# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 21, 2013

No. 12-11055
Summary Calendar

Lyle W. Cayce
Clerk

RICK LEE STROBLE,

Plaintiff-Appellant

v.

TEXAS DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION; JENNY L. LINDLEY, Laudry Manager III; JESUS ELIZONDO, Laudry Captain Manager IV; RICHARD H. CASTRO, JR., Sergeant of Corrections; ALLEN L. TURNER, Sergeant of Corrections; RICHARD G. LEAL, Assistant Warden,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:11-CV-108

Before JONES, DENNIS and HAYNES, Circuit Judges.

PER CURIAM:[*]

Rick Lee Stroble, Texas prisoner # 1594772, moves for leave to proceed in forma pauperis (IFP) to appeal the dismissal of his 42 U.S.C. § 1983 complaint. The magistrate judge certified that Stroble's appeal was not taken in good faith and denied him leave to proceed IFP on appeal. When a district court certifies

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that an appeal is frivolous and is not taken in good faith under 28 U.S.C. § 1915(a)(3) and Rule 24(a)(3) of the Federal Rules of Appellate Procedure, a litigant may either pay the filing fee or challenge the district court's certification decision by filing a motion for leave to proceed IFP in this court. *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). If the court upholds the district court's certification that the appeal is not taken in good faith and the litigant persists in the appeal, he must pay the appellate filing fee or the appeal will be dismissed for want of prosecution. *Baugh*, 117 F.3d at 202. The court's inquiry into whether the appeal is taken in good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). If the appeal is frivolous, this court may dismiss it sua sponte. *Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

Stroble argues that the magistrate judge erred in dismissing his claim that Jenny L. Lindley, a corrections officer, was deliberately indifferent to his medical needs by ordering him to work beyond his medical restrictions. A claim may be dismissed for failure to state a claim upon which relief may be granted if, assuming all well pleaded facts are true, the plaintiff has not stated "enough facts to state a claim to relief that is plausible on its face." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and citation excluded).

Prison work requirements that knowingly compel inmates to perform physical labor that is beyond their strength, endanger their lives, or cause undue pain constitute cruel and unusual punishment. *Howard*, 707 F.2d at 220. A negligent assignment to work that is beyond the prisoner's physical abilities, however, is not unconstitutional. *Jackson v. Cain*, 864 F.2d 1235, 1246 (5th Cir. 1989). Taking Stroble's allegations as true shows that he had a work restriction for no repetitive use of hands. Stroble told Lindley of this restriction when he arrived for his work assignment in the prison laundry. Lindley ordered him to work folding clothes. He started to fold clothes but stopped due to pain. After

discussing the matter with the laundry room captain, Lindley escorted Stroble to the security desk where he was given a medical pass. These facts do not support Stroble's conclusional allegation that Lindley ordered him to fold clothes with the sadistic and malicious intent to cause him pain. These facts show no more than a disagreement as to whether a work assignment of folding clothes violates a restriction against repetitive hand motion. At most, Lindley may have negligently ordered Stroble to fold clothes with a restriction against repetitive hand motion. This is insufficient to state a viable claim for deliberate indifference. *See Jackson*, 864 F.2d at 1246.

Stroble's original action brought claims against defendants other than Lindley. Stroble's current motion offers no discernible challenge to the dismissal of these claims. Because Stroble has not addressed the dismissal of these claims, he has abandoned any challenge to the dismissal. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

The magistrate judge's dismissal of Stroble's 42 U.S.C. § 1983 complaint and our dismissal of his appeal as frivolous count as two strikes for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Stroble is warned that if he accumulates three strikes, he will not be allowed to bring a civil action or appeal a judgment in forma pauperis while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

IFP DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.